In the Matter of NATHAN DAVIS, Respondent, against BOARD OF
EDUCATION OF THE CITY OF NEW YORK et al., Appellants.

Argued May 28, 1942; decided June 18, 1942.

*William C. Chanler*, Corporation Counsel (*Nicholas Bucci* and *Paxton Blair* of counsel), for appellants. The amendments to the Education Law (Cons. Laws, ch. 16; L. 1942, chs. 728, 729, 730, 760) are applicable to this proceeding and require the reversal of the order below and the dismissal of the petition. (*Matter of Jaffe* v. *Board of Education*, 265 N. Y. 160; *Matter of Friend* v. *Valentine*, 285 N. Y. 853; *Matter of Turel* v. *Delaney*, 287 N. Y. 15; *Matter of Bacon* v. *Huie*, 287 N. Y. 813; *Matter of Boardwalk & Seashore Corp.* v. *Murdock*, 286 N. Y. 494.)

*Nathan Davis*, respondent, in person. The amendment to subdivision 1a of section 872 of the Education Law by the 1942 Legislature does not affect this proceeding. (*Matter of Vanderwoude*, 50 State Dept. Rep. 199.)

*Per Curiam.* We agree that under the provisions of the Education Law (Cons. Laws, ch. 16) then in force, the petitioner was entitled to the relief accorded to him by the order of the Appellate Division. After that order was made the Legislature, however, declared that these provisions " shall be suspended and unenforceable * * * until July first, nineteen hundred forty-three," and it gave temporary sanction to administrative action which until then was unlawful. (L. 1942, chs. 728, 729, 760.) So long as that sanction exists, the courts can give no directions for the enforcement of provisions of the statute which the Legislature has decreed shall

be unenforceable. Accordingly the direction to the Board of Superintendents of the Board of Education " forthwith " to recommend persons on appropriate eligible lists for appointment to " 21 vacant teaching positions now existing " and the direction to the Board of Education " forthwith " to act upon such recommendations must be stricken from the order. The petition should not, however, be dismissed and the respondents should be directed to take appropriate steps to fill vacancies that may exist after July 1, 1943, from appropriate eligible lists in accordance with the provisions of the statutes then in force. Any of the parties hereto should have leave to apply upon motion at Special Term for further directions at the foot of the order.

The orders should be modified in accordance with this opinion and as so modified affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.